**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION- HUCK
CASE NO. 1:25-cv-25928-PCH**

**ANGELICA SUAREZ BAHENA**
*individually and on behalf of all*
*those similarly situated*,

        **Plaintiff,**

  **v.**


  **MANDARICH LAW GROUP, LLP,**

        **Defendant.**
_____/

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Mandarich Law Group, LLP ("MLG") answers Plaintiff Angelica Suarez Bahena's Class Action Complaint (the "Complaint") as follows:

### JURISDICTION AND VENUE

1. MLG denies the allegations in ¶ 1 of the Complaint.

2. MLG denies the allegations in ¶ 2 of the Complaint.

3. MLG denies the allegations in ¶ 3 of the Complaint.

### PARTIES

4. Admitted upon information and belief only.

5. Admitted.

### DEMAND FOR JURY TRIAL

1

6.      Admitted in part, denied in part.  MLG admits Plaintiff demands a trial by jury.  MLG denies the existence of triable issues of fact.  To the extent that triable issues of fact are found to exist, MLG demands a trial by jury on all issues so triable.

## FACTUAL ALLEGATIONS

7.      Admitted in part, denied in part.  MLG admits it attempted to collect a financial obligation from Plaintiff.  After reasonable investigation, MLG lacks sufficient knowledge and information to form a belief as to the truth of all remaining allegations in ¶ 7 of the Complaint.

8.      After reasonable investigation, MLG lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 8 of the Complaint and, as such, MLG denies these allegations.

9.      After reasonable investigation, MLG lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 9 of the Complaint and, as such, MLG denies these allegations.

10.      Admitted in part, denied in part.  MLG admits it is a business entity.  MLG denies all remaining allegations.

11.      Admitted in part, denied in part.  MLG admits that it is a business entity.  MLG admits that it collects financial obligations from individuals.  MLG admits that some of the financial obligations it collects may meet the statutory definition of a "debt" as that term is defined by the FDCPA.  MLG denies that all the financial obligations it collects meet the statutory definition of a "debt" as that term is defined by the FDCPA.  MLG admits that some of the individuals from whom it attempts to collect financial obligations may meet the statutory definition of a "consumer" as that term is defined by the FDCPA.  MLG denies that all these individuals are "consumers" as that term is defined by the FDCPA.  MLG denies any remaining allegations.

2

12.      MLG denies the allegations in ¶ 12 of the Complaint.

13.      Admitted.

14.      Admitted.

15.      Admitted.

16.      Admitted.

17.      MLG denies the allegations in ¶ 17 of the Complaint.

18.      Admitted.

19.      Admitted in part, denied in part.  MLG admits, at certain time and in certain circumstances, that it may meet the statutory definition of a "debt collector" as that term is defined by the FDCPA.  MLG denies that it always meets that statutory definition.  After reasonable investigation, MLG lacks sufficient knowledge and information to form a belief as to whether it meets the statutory definition of a "debt collector" in this case and, as such, MLG denies these allegations.

20.      Admitted in part, denied in part.  MLG admits, at certain time and in certain circumstances, that it may meet the statutory definition of a "person" as that term is defined by the FCCPA.  MLG denies that it always meets that statutory definition.  After reasonable investigation, MLG lacks sufficient knowledge and information to form a belief as to whether it meets the statutory definition of a "person" in this case and, as such, MLG denies these allegations.

21.      Admitted in part, denied in part.  MLG admits it sent Plaintiff correspondence on or about August 11, 2025, concerning a defaulted financial obligation that originated with Cross River Bank and is now owned by Velocity Investments, LLC (the "Account").  MLG denies all remaining allegations.

22.     MLG admits that the correspondence Plaintiff labels as the "Initial Collection Communication" letter is attached to the Complaint as Exhibit A.  MLG denies any remaining allegations.

23.     Admitted in part, denied in part.  MLG admits Plaintiff sent correspondence to MLG dated August 18, 2025 concerning the Account.  MLG denies all remaining allegations.

24.     MLG admits that the correspondence Plaintiff labels as the "cease-and-desist" letter is attached to the Complaint as Exhibit B.  MLG denies all remaining allegations.

25.     After reasonable investigation, MLG lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 25 of the Complaint and, as such, MLG denies these allegations.

26.     MLG denies the allegations in ¶ 26 of the Complaint.

27.     MLG denies the allegations in ¶ 27 of the Complaint.

28.     MLG admits that the correspondence Plaintiff labels as the "Subsequent Collections Communication" is attached to the Complaint as Exhibit C.

29.     Admitted in part, denied in part.  MLG admits only the accuracy of any properly quoted text from the correspondence referenced in ¶ 29 of the Complaint.  MLG denies all remaining allegations.

## CLASS ALLEGATIONS

30.     Admitted in part, denied in part.  MLG admits Plaintiff attempts to bring this lawsuit on behalf of a class.  MLG denies class treatment is appropriate and denies all remaining allegations.

31.     MLG denies class treatment is appropriate and denies the allegations in ¶ 31 of the Complaint.

4

32.     MLG denies class treatment is appropriate and denies the allegations in ¶ 32 of the Complaint.

33.     MLG denies class treatment is appropriate and denies the allegations in ¶ 33 of the Complaint.

34.     MLG denies class treatment is appropriate and denies the allegations in ¶ 34 of the Complaint.

35.     MLG denies class treatment is appropriate and denies the allegations in ¶ 35 of the Complaint.

36.     MLG denies class treatment is appropriate and denies the allegations in ¶ 36 of the Complaint.

37.     MLG denies class treatment is appropriate and denies the allegations in ¶ 37 of the Complaint.

38.     MLG denies class treatment is appropriate and denies the allegations in ¶ 38 of the Complaint.

39.     MLG denies class treatment is appropriate and denies the allegations in ¶ 39 of the Complaint.

40.     MLG denies class treatment is appropriate and denies the allegations in ¶ 40 of the Complaint.

41.     MLG denies class treatment is appropriate and denies the allegations in ¶ 41 of the Complaint.

42.     MLG denies class treatment is appropriate and denies the allegations in ¶ 42 of the Complaint.

43. MLG denies class treatment is appropriate and denies the allegations in ¶ 43 of the Complaint.

44. MLG denies class treatment is appropriate and denies the allegations in ¶ 44 of the Complaint.

## COUNT I

45. MLG incorporates and realleges ¶¶ 1 through 44 of this Answer as though fully set forth here.

46. Admitted in part, denied in part.  MLG admits only the accuracy of any properly quoted statutory text appearing in ¶ 46 of the Complaint.  MLG denies all remaining allegations.

47. MLG denies the allegations in ¶ 47 of the Complaint.

48. Admitted in part, denied in part.  MLG admits only the accuracy of any properly quoted text from the correspondence referenced in ¶ 46 of the Complaint.  MLG denies all remaining allegations.

49. MLG denies the allegations in ¶ 49 of the Complaint.

50. MLG denies the allegations in ¶ 50 of the Complaint.

51. MLG denies Plaintiff's entitlement to any relief including but not limited to the relief Plaintiff seeks in ¶ 51 of the Complaint.

## COUNT II

52. MLG incorporates and realleges ¶¶ 1 through 51 of the Answer and though fully set forth here.

53. Admitted in part, denied in part.  MLG admits only the accuracy of any properly quoted statutory text appearing in ¶ 53 of the Complaint.  MLG denies all remaining allegations.

54.     MLG denies the allegations in ¶ 54 of the Complaint.

55.     MLG denies the allegations in ¶ 55 of the Complaint.

56.     MLG denies the allegations in ¶ 56 of the Complaint.

57.     MLG denies Plaintiff's entitlement to any relief including but not limited to the relief Plaintiff seeks in ¶ 57 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any violation of the FDCPA or FCCPA (which MLG expressly denies) was not intentional and resulted from *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

Any alleged damages to Plaintiff (which MLG expressly denies) were caused, in whole or in part, by the acts, inaction, conduct, delay, or omissions of Plaintiff and/or third parties over whom MLG has no control and for whom MLG has no responsibility.

### THIRD AFFIRMATIVE DEFENSE

Any alleged damages to Plaintiff (which MLG expressly denies) were caused, in whole or in part, by intervening and/or superseding causes and/or acts over which MLG had no control and for which MLG bears no responsibility.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by his failure to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

MLG affirmatively asserts the defense of waiver. On or about August 11, 2025, MLG sent Plaintiff the validation notice required by §1692g of the FDCPA.  *See* Exhibit A to Plaintiff's Complaint.  On or about August 18, 2025, Plaintiff sent correspondence to MLG simultaneously disputing the Account and requesting MLG cease further communication concerning it. *See* Exhibit B to Plaintiff's Complaint.  Plaintiff's dispute served as a limited waiver of her concurrent request that Defendant cease communications. Plaintiffs claim under 15 U.S.C. § 1692c(c) and Fla. Stat. § 559.72(7) fail as matter of law.

WHEREFORE, Defendant Mandarich Law Group, LLP respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Class Action Complaint with prejudice; and further award all such other relief as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:   */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
ROSAJUNELY CARTAGENA RUIZ, ESQUIRE
FL Bar No. 1069299
KYLIE M. PRIETO, ESQUIRE
FL Bar No. 1069651
1400 Marsh Landing Parkway, Suite 109
Jacksonville, FL 32250
☏   (904) 373-0646
🖷   (904) 298-8350 (fax)
✉   lburnette@messerstrickler.com
✉   jmarees@messerstrickler.com
✉   rruiz@messerstrickler.com
✉   kprieto@messerstrickler.com
*Counsel for Defendant*

Dated: May 26, 2026

8

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By:   */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
ROSAJUNELY CARTAGENA RUIZ, ESQUIRE
FL Bar No. 1069299
KYLIE M. PRIETO, ESQUIRE
FL Bar No. 1069651
1400 Marsh Landing Parkway, Suite 109
Jacksonville, FL 32250
☎   (904) 373-0646
🖷   (904) 298-8350 (fax)
✉   lburnette@messerstrickler.com
✉   jmarees@messerstrickler.com
✉   rruiz@messerstrickler.com
✉   kprieto@messerstrickler.com
*Counsel for Defendant*

Dated: May 26, 2026